FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 FEB 12  AM 10: 40

MARGARET BOTKINS, CLERK
CASPER

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

Lonn J Peterson,
Plaintiff,

v.

26-CV-57-SWS

WYOMING DEPARTMENT OF TRANSPORTATION;
DARIN WESTBY, in his official capacity as Director of the Wyoming Department of Transportation;
MISTY ZIMMERMAN, in her official capacity as Driver Services Program Manager,
Defendants.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the Fourteenth Amendment.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201–2202.

4. This Court has authority to grant injunctive relief to prevent ongoing violations of federal law.

5. Venue is proper in the District of Wyoming because Defendants reside in Wyoming and the events giving rise to this action occurred within this district.

II. PARTIES

6. Plaintiff Lonn J. Peterson is a natural person residing in the State of Wyoming.

7. Defendant Wyoming Department of Transportation ("WYDOT") is an agency of the State of Wyoming responsible for the administration and maintenance of driver licensure records and related enforcement systems.

8. Defendant Darin Westby is the Director of WYDOT and is sued in his official capacity for declaratory and injunctive relief.

9. Defendant Misty Zimmerman is the Driver Services Program Manager for WYDOT and is sued in her official capacity for declaratory and injunctive relief.

III. FACTUAL BACKGROUND

10. Plaintiff has not held an active Wyoming driver's license since approximately 2017.

11. Despite the absence of an active license, Defendants continue to maintain records and enforcement presumptions concerning Plaintiff's alleged licensure status.

12. Beginning on or about March 31, 2025, Plaintiff served written notices upon WYDOT addressing the existence, validity, and continuation of any alleged driver's license or licensure contract associated with Plaintiff.

13. These notices included a notice of rescission, a notice of fault with opportunity to cure, and a sworn Affidavit of Summary Judgment, Administrative Default, and Final Cancellation of Contract.

14. Defendants were properly served on multiple occasions and failed to acknowledge, rebut, deny, or respond to any portion of these notices or the sworn affidavit.

15. On or about September 17, 2025, Plaintiff submitted a formal Notice of Claim pursuant to Wyoming Statute § 1-39-113.

16. The State of Wyoming acknowledged receipt of the claim and assigned State Claim No. 045-GL-25-0013501.

17. On January 29, 2026, Defendants issued a written denial of Plaintiff's claim.

18. In the denial, Defendants asserted that they could not cancel or remove driver license records and relied upon Wyo. Stat. § 31-7-120 as justification for continued maintenance of such records.

19. The denial did not provide Plaintiff with any hearing, administrative process, or mechanism to contest, clarify, or resolve Defendants' position.

20. Defendants continue to maintain and rely upon licensure records and enforcement presumptions affecting Plaintiff, while asserting statutory authority to do so and refusing to provide any process or determination addressing Plaintiff's status.

21. Defendants' position leaves Plaintiff subject to ongoing enforcement consequences without any meaningful opportunity to be heard or to obtain administrative resolution.

IV. CLAIMS FOR RELIEF

COUNT I
Declaratory Relief
(28 U.S.C. §§ 2201–2202)

22. Plaintiff incorporates all preceding paragraphs by reference.

23. An actual, present, and justiciable controversy exists between Plaintiff and Defendants regarding the legal status and effect of any alleged driver's license or licensure contract and Defendants' continued maintenance and enforcement of related records.

24. Defendants have taken a final agency position denying Plaintiff's request for cancellation and asserting statutory authority to maintain licensure records without providing any hearing or administrative process.

25. Plaintiff seeks a declaratory judgment determining the legal effect of Defendants' refusal to rebut Plaintiff's sworn affidavits and lawful administrative demands, and clarifying whether Defendants may continue to maintain and enforce licensure records affecting Plaintiff without due process.

26. Declaratory relief is necessary and appropriate to resolve the uncertainty created by Defendants' position and to guide the parties' future conduct.

## COUNT II
## Violation of Procedural Due Process
## (Fourteenth Amendment)

27. Plaintiff incorporates all preceding paragraphs by reference.

28. Plaintiff possesses a protected liberty interest in freedom of movement, bodily liberty, and freedom from arbitrary governmental restraint, as well as a protected interest in accurate government records used to justify enforcement action.

29. Defendants have maintained and administered records and enforcement presumptions regarding Plaintiff's alleged licensure status while refusing to provide any hearing, administrative process, or meaningful opportunity to contest or resolve their position.

30. Defendants' written denial confirms that they intend to continue maintaining and relying upon such records as a matter of policy, while offering no procedural safeguards.

31. As a direct result of Defendants' conduct, Plaintiff faces ongoing and concrete harm, including the risk of arrest, incarceration, vehicle seizure, financial penalties, and compulsory monitoring conditions, without any available administrative avenue for relief.

32. Defendants' actions constitute arbitrary governmental conduct and a deprivation of procedural due process under the Fourteenth Amendment.

## COUNT III
## Unlawful Agency Action and Arbitrary Conduct
## (Federal Administrative Law Principles)

33. Plaintiff incorporates all preceding paragraphs by reference.

34. Defendants had a duty to respond to Plaintiff's lawful notices, sworn affidavits, and statutory claim by providing a lawful determination supported by process.

35. Defendants' refusal to rebut Plaintiff's sworn administrative record, coupled with their reliance on statutory authority to maintain and enforce records without affording any process, constitutes arbitrary and unlawful agency action.

36. Defendants' January 29, 2026 denial represents final agency action subject to judicial review.

37. Defendants are estopped from continuing to enforce records and presumptions affecting Plaintiff while refusing to provide any administrative mechanism to challenge or resolve their position.

COUNT IV
Injunctive Relief

38. Plaintiff incorporates all preceding paragraphs by reference.

39. Defendants' continued maintenance, administration, and enforcement of licensure records and presumptions concerning Plaintiff, without providing due process, causes ongoing and irreparable harm.

40. Plaintiff has no adequate remedy at law absent injunctive relief.

41. Plaintiff seeks prospective injunctive relief requiring Defendants to cease enforcing or relying upon any driver licensure records or presumptions concerning Plaintiff unless and until Defendants provide a lawful determination supported by due process.

42. Plaintiff further seeks injunctive relief requiring Defendants to take corrective action consistent with the Court's declaratory judgment within a reasonable time set by the Court.

V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare the legal status and effect of any alleged driver's license or licensure contract associated with Plaintiff;

B. Declare that Defendants may not maintain or enforce licensure records affecting Plaintiff without providing due process;

C. Enjoin Defendants from enforcing, administering, or relying upon any driver licensure records or presumptions concerning Plaintiff absent a lawful determination issued with due process;

D. Order Defendants to correct, annotate, or otherwise bring their records into compliance with the Court's declaratory judgment within a reasonable time specified by the Court;

E. Retain jurisdiction to ensure compliance with the Court's orders;

F. Award costs and such other relief as the Court deems just and proper.

VI. JURY DEMAND

Plaintiff reserves the right to demand a jury trial on any issues so triable.

Respectfully submitted,

*[signature]*

Lonn J. Peterson
P.O. Box 2533
Mills, WY 82644

- Wyoming Department of Transportation
  5300 Bishop Blvd
  Cheyenne, WY 82009

- Darin Westby, Director
  Wyoming Department of Transportation
  5300 Bishop Blvd
  Cheyenne, WY 82009

- Misty Zimmerman, Driver Services Program Manager
  Wyoming Department of Transportation
  5300 Bishop Blvd
  Cheyenne, WY 82009

- Wyoming Attorney General
  109 State Capitol
  Cheyenne, WY 82002